IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

EDWARD QUENTIN ANDERSON,
No. 28722-044,

    Petitioner,

vs.

J.S.WALTON,

    Respondent.                              Case No. 13-cv-00643-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    Petitioner Edward Quentin Anderson is a federal inmate currently incarcerated in the Federal Prison Camp at Marion, Illinois. In 2005, Edwards pleaded guilty and was convicted of conspiracy to distribute cocaine and phencyclidine, in violation of 21 U.S.C. § 841(a)(1), and other related offenses. *See United States of America v. Anderson*, No. 03-cr-695-ERW (E.D.Mo. April 15, 2005). He was sentenced to imprisonment for 145 months. On July 3, 2013, Anderson initiated this habeas corpus action pursuant to 28 U.S.C. § 2241, collaterally attacking the execution of his sentence.

    Anderson asserts that his Pre-Sentence Investigation Report is not being accurately interpreted by the Bureau of Prisons ("BOP"), thereby preventing him from participating in a recommended BOP Residential Drug Abuse Program. *See* 18 U.S.C. 3621(e)(5)(B) (criteria for participation in a BOP residential substance

abuse program); 28 C.F.R. 550.56(b) (2009) (regulation setting forth criteria for eligibility for treatment program).

This Section 2241 petition is before the Court for preliminary review. Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

As a general matter, Section 2241 is the appropriate means by which to challenge the *execution* of a sentence, while Section 2255 is to be used to challenge the validity of conviction and sentence. *See Brown v. Rios*, 696 F.3d 638, 640 (7th Cir.2012); *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003); *Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000). However, the issue raised calls into question whether Section 2241 is the appropriate jurisdictional basis for this particular action.

There is insufficient information before the Court upon which to conclude that dismissal at this preliminary stage pursuant to Rule 4 is appropriate. Therefore, Respondent J.S. Walton will be required to respond or otherwise plead.

**IT IS HEREBY ORDERED** that respondent shall answer the petition or otherwise plead within thirty days of the date this order is entered. This preliminary order to respond does not, of course, preclude respondent from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

Finally, the Court notes, as should petitioner and respondent, that petitioner, who has been denied pauper status, has yet to pay the required $5.00

filing fee. The deadline for payment is **August 14, 2013** (Doc. 4), and failure to pay will likely result in the dismissal of the petition,

**IT IS SO ORDERED.**

Signed this 23rd day of July, 2013.

Digitally signed by
David R. Herndon
Date: 2013.07.23
12:26:07 -05'00'

**Chief Judge**
**United States District Court**